UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ZAKER,

        Petitioner,                      Case Number: 2:11-CV-10753

v.                                       HONORABLE NANCY G. EDMUNDS

GREG MCQUIGGIN,

        Respondent.
        _____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Thomas Zaker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan. Petitioner challenges his convictions for first-degree criminal sexual conduct and second-degree criminal sexual conduct. For the reasons set forth below, the Court denies the petition.

### I. Background

Petitioner was charged in Wayne County Circuit Court with first- and second-degree criminal sexual conduct. Petitioner filed a pre-trial motion to suppress his custodial statement. Following a hearing, the trial court denied the motion. Petitioner then pled no contest in Wayne County Circuit Court to first-degree criminal sexual conduct and second-degree criminal sexual conduct pursuant to a sentencing agreement providing that he would be sentenced to 9 to 15 years for each conviction, to be served

concurrently. On May 1, 2007, Petitioner was sentenced in accordance with the sentencing agreement.

Petitioner then filed a motion to withdraw his plea, claiming that the plea was not knowingly or voluntarily entered because his attorney incorrectly informed him that he could raise a claim on appeal challenging the admissibility of his confession. The trial court denied the motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising this claim:

> The trial court erred in denying defendant's motion to withdraw his plea when the plea was not knowingly, understandingly, and/or voluntarily made, and defendant was under the impression he could appeal and argue his pretrial motions.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Zaker*, No. 283719 (Mich. Ct. App. Apr. 14, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the claim raised in the Michigan Court of Appeals and the following additional claims:

> I. Trial court did not follow the parameters of M.C.R. 6.302(b). Trial court did not follow subrules (b)(3) and (b)(5) and address defendant orally on record about waiver of right to appeal.
>
> II. Defendant was under impression he could appeal his pretrial motions during the appeal process.
>
> III. Counsel's ineffective assistance due to being overburdened in course of the instant case. Counsel was attorney for the defendant in three capital cases running simultaneously on date of trial for defendant.

2

  IV. Out of court statements made to police were obtained in violation of *Miranda* rule.  Failure of counsel to object in court, courts' failure to review audio-taped version of defendant's out of court statements to police.  Defendant requested an attorney during the investigation.

  V. Ineffective assistance of counsel due to being misinformed and ill advised during the plea process.

  VI. Comments made by trial judge in pretrial motion to reduce bond caused defendant to fear more years of confinement if found guilty by a jury.  Judge coerced defendant to enter plea of nolo contendere.

  VII. Courts' possible abuse of discretion in denial of withdrawal of plea agreement during post conviction motion to withdraw plea.

The Michigan Supreme Court denied leave to appeal. *People v. Zaker*, 482 Mich. 1013 (2009).

Petitioner then filed a motion for relief from judgment in the trial court.  He raised the same claims raised in his application for leave to appeal to the Michigan Supreme Court.  The trial court denied the motion. *People v. Zaker*, No. 06-11379-01 (May 11, 2009).  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  He raised the same claims raised in the trial court and a claim of ineffective assistance of counsel.  The Michigan Court of Appeals denied leave to appeal. *People v. Zaker*, No. 292898 (Mich. Ct. App. Apr. 16, 2010).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court.  He raised the issues raised in the Michigan Court of Appeals.  He also raised two new issues:

  I. The Michigan Court of Appeals erred by not accepting defendant's motion for reconsideration . . . when it was timely filed.

3

II. Defendant has established entitlement to relief from judgment of his convictions and sentence.

The Michigan Supreme Court denied leave to appeal. *People v. Zaker*, 488 Mich. 871 (Mich. Sept. 27, 2010).

Petitioner then filed the pending habeas petition. He raises these claims:

I. Whether Petitioner was denied his basic fundamental right to effective assistance of counsel as guaranteed by both state and federal constitutions, when trial counsel was ineffective at critical pre-trial stages and that his professional performance was substandard and fell below an objective standard of reasonableness?

II. Was it error for the trial court to deny Petitioner's motion to withdraw his plea when the plea was not knowingly, understandingly and voluntarily made in violation of his fundamental right to due process of law guaranteed under the 5th Amendment of the Constitution of the United States?

III. Was Petitioner denied his fundamental right to due process of law under the 5th Amendment of the U.S. Constitution by the trial court's abuse of discretion and coercion during the pre-trial hearings?

## II. Petitioner's Motions for Evidentiary Hearing and for Discovery

Petitioner has filed a consolidated motion for evidentiary hearing and for discovery. He seeks an evidentiary hearing regarding all of the claims raised in his petition. Petitioner seeks discovery of the rape kit and toxicology report.

When a petitioner seeks habeas relief on a claim that has been "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254(d)(1), federal court review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). If a petitioner raises a claim not adjudicated on the merits by the state courts, the federal court has

discretion to consider new evidence under 28 U.S.C. § 2254(e)(2). *Id.* at 1401. Section 2254(e)(2) bars a federal court from holding an evidentiary hearing unless the petitioner satisfies certain statutory requirements.

In this case, the state courts adjudicated Petitioner's claims. Petitioner seeks relief under § 2254(d)(1), arguing that the state court's adjudication was an unreasonable application of clearly established Federal law. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400. Thus, under *Pinholster*, the Court's review is confined to the record before the state courts and the Court denies Petitioner's request for an evidentiary hearing. *Id.* at 1398.

Petitioner also moves for discovery of the rape kit and toxicology report. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2254 Cases provides that a habeas court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004), *quoting Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" *Id., quoting Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997). If a petitioner had the opportunity to develop

5

the facts in the state courts but failed to do so, discovery may be barred by 28 U.S.C. § 2254(e)(2)(A)(ii). Here, Petitioner fails to make a showing that the discovery he requests was unavailable to him in state court. Therefore, the discovery requests will be denied.

### III. Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute

6

permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See*

*Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Discussion

#### A. Ineffective Assistance of Counsel Claim

Petitioner argues for habeas relief because, he claims, he received ineffective assistance of counsel. Specifically, Petitioner argues that his attorney was ineffective in: (i) incorrectly advising him he could obtain appellate review of the trial court's denial of his motion to suppress even after entry of an unconditional plea; (2) failing to present an expert witness regarding alcohol withdrawal at the *Walker* hearing; and (3) being overburdened with three serious criminal cases at the same time.

8

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Respondent argues that these claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial

9

economy are best served by addressing the merits of Petitioner's ineffective assistance of counsel claims.

First, Petitioner argues that his attorney improperly told him that he could appeal the trial court's denial of his motion to suppress his custodial statement even though he entered an unconditional guilty plea. The trial court, in denying Petitioner's motion to withdraw his plea, found not credible Petitioner's claim that his attorney advised him he could still appeal this issue. A federal court on habeas review does not reweigh or reevaluate the credibility of witnesses. *Nali v. Phillips*, 681 F.3d 837, 842 (6th Cir. 2012). A federal court must also presume that a state court's factual findings are correct. *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001). This presumption may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner presents no clear and convincing evidence to rebut the presumption of correctness afforded the state court's finding that counsel did not incorrectly advise Petitioner about his ability to appeal.

The state court's factual finding is supported by the plea colloquy. Petitioner stated that no promises other than those stated on the record had been made to him. If this court were to rely solely on Petitioner's statement regarding what his attorney told him and ignore the factual findings of the sentencing judge, who had an opportunity to hear and observe Petitioner and his attorney, the Court "would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own

statements during the plea colloquy . . . indicating the opposite." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir.1999). Petitioner has not shown that he was misinformed about the consequences of his plea or that his attorney's representation fell below an objective standard of reasonableness.

Second, Petitioner argues that his attorney was ineffective in failing to present an expert witness regarding alcohol withdrawal at the suppression hearing. During the suppression hearing, the medical director of the Wayne County Jails, Dr. Timothy Paul Barth, was called to testify by the prosecution. He testified regarding Petitioner's intoxication at the time of his arrest and the Petitioner's subsequent development of discomfort and elevated pulse and blood pressure. Dr. Barth prescribed medication to alleviate alcohol withdrawal symptoms. Defense counsel vigorously cross-examined Dr. Barth regarding the severity of Petitioner's symptoms. Petitioner fails to offer specific questions Dr. Barth should have been but was not asked. Further, Petitioner fails to provide any specific information about what an expert witness's testimony would have been or how it would have borne upon his case. Petitioner has not established that but for defense counsel's alleged errors there is a reasonable probability that the result of the suppression hearing would have been different, that he would not have pleaded no contest and would have insisted on going to trial. *See Hill*, 474 U.S. at 58–59.

Finally, Petitioner argues that counsel was ineffective because, at the time he represented Petitioner, he was simultaneously the defense attorney in three separate felony cases. Petitioner provides no specific examples of ways in which counsel's

11

performance was hampered by his caseload. Petitioner identifies no particular actions counsel failed to take. In short, this claim amounts to nothing more than conclusory allegations which fall far short of showing counsel was inadequate or that Petitioner was prejudiced by the failure to call alibi witnesses. *See Cross v. Stovall*, 238 F. App'x 32, 39 (6th Cir. 2007) (holding that conclusory assertions of prejudice are insufficient to satisfy *Strickland's* second prong). Petitioner's conclusory allegations fail to show ineffective assistance.

### B. Voluntariness of Plea

Next, Petitioner argues that his plea was involuntary because his attorney incorrectly advised him regarding his ability to appeal the court's denial of his motion to suppress.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The trial court, in denying Petitioner's motion to withdraw his plea, held that the plea was voluntarily, knowingly, and understandingly made. The trial court noted that the record showed that Petitioner was fully aware of the consequences of the no contest plea versus the potential consequences of proceeding to trial. Additionally, the trial court rejected Petitioner's argument that his attorney incorrectly advised him regarding the impact on his ability to appeal his convictions.

The plea colloquy shows that Petitioner was informed of the maximum possible sentence he faced. He was also informed of the rights he was waiving by pleading guilty, such as the right to a trial by jury. The written plea agreement form also informed Petitioner that he was waiving his appeal as of right by entering a plea. Petitioner indicated that he understood his rights and was voluntarily waiving them. Additionally, Petitioner stated that no promises had been made to him in exchange for his plea beyond those stated on the record. Petitioner's "[s]olemn declarations in open court" that his plea was freely, understandingly, and voluntarily made, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Having reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent and voluntary and that the state court's opinion finding the same was not contrary to or an unreasonable application of Supreme Court precedent.

### C. Trial Judge's Conduct

Finally, Petitioner seeks habeas relief on the ground that he was coerced into pleading guilty by the trial court's inappropriate comments.

First, Petitioner argues that the trial court improperly coerced him by stating, during a hearing on his motion to reduce bond, that if he was convicted and sentenced to five to fifteen years in prison, he would serve fifteen years. The judge's comments simply explained to Petitioner the reality of his situation and the seriousness of the prison term he faced. Read in context, the trial judge was attempting to persuade Petitioner to understand the seriousness of both his legal and alcohol problems. The trial judge's comments were in no way threatening or coercive.

Second, Petitioner argues that the trial judge's comments during his motion to withdraw his plea were inappropriate. Specifically, Petitioner claims that the trial judge incorrectly believed that Petitioner attempted to abscond from Michigan and was found in Ohio, driving a rental car and wearing a disguise. Petitioner argues that the trial judge must have confused him with another defendant and, therefore, relied upon incorrect information in denying the motion to withdraw. There is no federal constitutional right that requires a state court to allow a defendant to withdraw a voluntary and intelligent plea. *Carwile v. Smith*, 874 F.2d 382, 385–86 (6th Cir. 1989). Therefore, this claim is not cognizable on federal habeas review.

Finally, Petitioner argues that the trial court erred in failing to *sua sponte* inquire into defense counsel's potential conflict of interest. A criminal defendant is entitled to the effective assistance of counsel free from conflict. *Holloway v. Arkansas*, 435 U.S. 475, 483-84 (1978). In *Cuyler v. Sullivan*, 446 U.S. 335 (1980), the Supreme Court considered a claim of ineffective assistance of counsel in a case where defense counsel

14

represented three codefendants without objection. *Id.* at 337-38. The Court held: "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348. "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor,* 535 U.S. 162, 171, 172 n. 5. When an actual conflict of interest exists, prejudice is presumed. *Strickland*, 466 U.S. at 692.

In short, cases involving an actual conflict of interest have a lessened standard of proof because prejudice will be presumed upon a showing that a conflict existed which adversely affected counsel's performance. However, *Cuyler's* lessened standard of proof has never been extended by the United States Supreme Court to any conflict other than multiple concurrent representation, also referred to as joint representation. *Smith v. Hofbauer*, 312 F.3d 809, 818 (6th Cir. 2002). A "mere theoretical division of loyalties" is not itself an "actual conflict of interest." *Mickens,* 535 U.S. at 171. *See also Bray v. Cason,* 375 F. App'x 466, 472 (6th Cir. 2010) (holding "hypothetical conflicts" cannot establish an actual conflict of interest); *Moss v. United States*, 323 F.3d 445, 467 n. 23 (6th Cir.2003) (holding the conflict must be "real or genuine, as opposed to [ ] hypothetical").

In this case, Petitioner has failed to offer anything more than speculation to support the claimed conflict of interest. The fact that trial counsel was busy, without more, does not establish a conflict of interest. *See United States v. Zackson, 6 F.3d 911, 921* (2d

15

Cir.1993) ("In order to classify [a busy schedule] as a *per se* sixth amendment violation, we would have to conclude that virtually all busy defense attorneys ... who have more than one client ... are inherently incapable of providing an adequate defense...."). In the absence of any substantive evidence of actual conflict, the court holds that the Michigan courts did not unreasonably apply Supreme Court precedent in denying this claim.

## V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

## VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED**

16

**WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's "Consolidated Motion for Evidentiary Hearing and Motion for Discovery" [dkt. # 15] is **DENIED.**

        s/Nancy G. Edmunds
        **Nancy G. Edmunds**
        **United States District Judge**

**Dated: January 25, 2013**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2013, by electronic and/or ordinary mail.**

        s/Carol A. Hemeyer
        **Case Manager**